CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAY 21 2009

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| DANNY BURTON WATKINS, ) | Civil Action No. 7:09-cv-00053 |
|     Plaintiff, ) | |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| COURTNEY, CHIEF JAILER, et al., ) | By: Hon. James C. Turk |
|     Defendants. ) | Senior United States District Judge |

Plaintiff Danny Burton Watkins, a Virginia inmate proceeding pro se, filed a civil rights complaint, pursuant to 42 U.S.C. § 1983 with jurisdiction vested in 28 U.S.C. § 1343. Watkins complains that local jail officials will not transfer him from the Shenandoah County Jail ("Jail") to a Virginia Department of Corrections ("VDOC") facility nor adequately treat his poor health. Watkins names as defendants Courtney, the Chief Jailer; Annatte, the head nurse; and Fred Kite, a sergeant at the Jail. This matter is before the court for screening. After reviewing Watkins' submissions, the court dismisses the complaint for failing to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915A(b)(1).

I.

Watkins alleges the following facts. Nurse Annatte should send Watkins to a VDOC institution. (Compl. 4.) Watkins has arthritis, type-two diabetes, emphysema, hepatitis "lower type," an upper hernia, high blood pressure, "furdmyalsia," and a "lot of det[]erioration on [his] neck." (Id.) Annatte took Watkins off his muscle relaxing non-narcotic medication. Watkins is taking medicine "for about everything" but he is not being "checked" for anything else. Watkins is scared because a friend died in the Page County Jail two years ago. Watkins needs a root canal because his cracked tooth hurt before part of it fell out. (Id. at 5, 8) A dentist removed the remaining pieces. (Id. at 8.) Watkins had other teeth fixed, too.

Watkins believes Chief Jailer Courtney is corrupt and that Courtney should "give in a little bit" about Watkins' requested health care. (Id. at 6.) Fred Kite threatened Watkins about his medicine. The defendants do not think Watkins has diabetes, but Watkins believes that he has it and needs his blood sugar levels checked every day. Watkins requests as relief a transfer to a VDOC facility.

The court conditionally filed this action, advised Watkins that he failed to state a claim upon which relief may be granted, and provided him twenty days to submit an amendment. The conditional filing order also advised Watkins that failing to update his mailing address would result in his action being dismissed without prejudice. Watkins submitted a motion for an extension of time to reply to the conditional filing order, which the court granted. The time to respond to the conditional filing order has now expired, and the court screens Watkins' submissions.

II.

A.

As an initial matter, Watkins requested the court to appoint him counsel for this matter. (Compl. 9.) Watkins has offered proof of his indigency, pursuant to 28 U.S.C.A. § 1915(b). However, while the court may request counsel to represent an indigent litigant under § 1915(e)(1), the court has no authority under that section to require an attorney to represent an indigent, civil plaintiff because the court has no authority to compensate counsel for the work done on such a case. See Mallard v. United States District Court, 490 U.S. 296, 309 (1989) (applying prior version of § 1915(d)); Ivey v. Harney, 47 F.3d 181, 185 (7th Cir. 1995) ("We know from [Mallard] that a court may not order even a member of its bar to donate services to a

2

plaintiff in an action under 42 U.S.C. § 1983."). However, under exceptional circumstances, the court has discretion to request an attorney to represent an indigent, civil plaintiff. Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975). The Fourth Circuit has identified two factors to be considered in determining whether such exceptional circumstances exist in a given case: (1) the type and complexity of the case and (2) the ability of the individual to present it. Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984), abrogated on other grounds; Mallard, 490 U.S. at 309.

Watkins argues that the court should appoint counsel for him in this case because he wants to live longer. (Compl. 9.) The court finds that this argument, which virtually every inmate could assert, is not sufficiently exceptional to justify appointment of counsel in this case. Accordingly, the court denies Watkins' motion to appoint counsel.

B.

The court must dismiss any action or claim filed by an inmate if the court determines that the action or claim is frivolous or fails to state a claim on which relief can be granted. See 28 U.S.C. §§ 1915(e)(2), 1915A(b)(1); 42 U.S.C. § 1997e(c). The first standard includes claims based upon "an indisputably meritless legal theory," or claims where the "factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989). The second standard is the familiar standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). A complaint needs "a short and plain statement of the claim showing that the pleader is entitled to relief" and sufficient "[f]actual allegations . . . to raise a right to relief above the speculative level. . . ." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks omitted). A plaintiff's grounds for relief "requires more than labels and conclusions. . . ." Id. Although the court liberally construes pro se complaints, Gordon v. Leeke, 574 F.2d 1147, 1151

3

(4th Cir. 1978), the court does not act as the inmate's advocate, sua sponte developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985); see also Gordon, 574 F.2d at 1151 (recognizing that district courts are not expected to assume the role of advocate for the pro se plaintiff).

Watkins fails to state an Eighth Amendment claim for ineffective medical assistance because he fails to establish that the defendants acted with deliberate indifference to his serious medical needs. Estelle v. Gamble, 429 U.S. 97, 104 (1976). Deliberate indifference occurs when a public official must have been personally aware of facts indicating a substantial risk of serious harm, and the official must have actually recognized the existence of such a risk. Farmer v. Brennan, 511 U.S. 825, 838 (1994). The prisoner must demonstrate that defendants' actions were "[s]o grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir.1990).

However, claims of medical malpractice and negligent diagnosis are not cognizable in a § 1983 proceeding. Estelle, 429 U.S. at 104-05; Sosebee v. Murphy, 797 F.2d 179 (4th Cir. 1986); see Johnson v. Quinones, 145 F.3d 164, 168-69 (4th Cir. 1998) (noting that treating doctors must actually draw the inference that an inmate's symptoms signify the presence of a particular condition and that a failure to draw such an inference may present a claim for negligence, but not a claim under the Eighth Amendment). A prisoner's disagreement with medical personnel over the course of his treatment does not make out a cause of action. Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985); Russell v. Sheffer, 528 F.2d 318, 319 (4th Cir. 1975) (per curiam).

4

A medical condition is serious in two circumstances. A serious medical condition exists when it has been diagnosed by a physician as mandating treatment, or the condition is so obvious that even a lay person would recognize the need for medical care. Gaudreault v. Municipality of Salem, Mass., 923 F.2d 203, 208 (1st Cir. 1990). A medical condition is also serious if a delay in treatment causes a lifelong handicap or permanent loss. Monmouth County Corr. Inst. Inmates v. Lanzaro, 834 F.2d 326, 347 (3d Cir. 1987).

Watkins does not establish how he informed the defendants of his medical concerns, how the defendants recognized a risk of harm, and how the defendants subsequently refused to act despite their knowledge. Watkins also does not establish how any of his maladies qualify as a serious medical need.

Furthermore, Watkins' claim that he should be transferred to a VDOC facility does not rise to the level of a due process violation. See Montanye v. Haymes, 427 U.S. 236, 242-43 (1976) (finding no basis for invoking the protections of the Due Process Clause for transfer to a different prison facility because prisoners have "no right to remain at any particular prison facility and no justifiable expectation that he would not be transferred unless found guilty of misconduct"); see also Meachum v. Fano, 427 U.S. 215, 223-224 (1976) (holding that a prisoner has no due process interest in his placement at a particular prison and the Constitution does not "guarantee that the convicted prisoner will be placed in any particular prison."); Beverati v. Smith, 120 F.3d 500, 502 (4th Cir. 1997) (confinement in administrative segregation does not exceed the sentence imposed in such an extreme way as to give rise to the protection of the Due Process Clause by its own force, and inmates did not possess a liberty interest in avoiding administrative segregation). Accordingly, Watkins fails to state a claim upon which relief may

be granted, and the court dismisses the complaint, pursuant to 28 U.S.C. § 1915A(b)(1).

III.

For the foregoing reasons, the court dismisses the complaint for failing to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915A(b)(1).

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the plaintiff.

**ENTER**: This 21st day of May, 2009.

/s/ James C. Turk
Senior United States District Judge